# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                      NO. 4:14CR00152-03 JLH

BILLY TAD EARNEST                                                DEFENDANT

## ORDER

Defendant Billy Tad Earnest filed an unopposed motion for psychiatric examination on February 4, 2015. The motion was previously granted. The United States Marshal for the Eastern District of Arkansas has informed the Court that defendant has been designated to FCI FORT WORTH, in FORT WORTH, TEXAS, for the examination. Accordingly, the United States Marshal is directed to transport Billy Tad Earnest to FCI FORT WORTH, in FORT WORTH, TEXAS, forthwith.[1]

Pursuant to 18 U.S.C. § 4247(b) and (c), Billy Tad Earnest shall be remanded to the custody of the Attorney General or his authorized representative for a period not to exceed forty-five (45) days for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4242 and for a period not to exceed thirty (30) days for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4241; and that unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the Court.

Pursuant to 18 U.S.C. § 4247(c), the person conducting the examination must file a report with this Court with copies to counsel for the United States, Assistant United States Attorney Anne E. Gardner, Post Office Box 1229, Little Rock, Arkansas, 72203, and to counsel for the defendant,

---

[1] Based on 18 U.S.C. § 3161(h)(1)(H), time consumed by transportation in excess of ten (10) days from today is presumed unreasonable under the Speedy Trial Act.

Richard E. Holiman, Holiman Law Firm, 212 Center Street, Suite 300, Little Rock, Arkansas, 72201.

The report must state whether Billy Tad Earnest is suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; whether he was insane at the time of the offense; and, if he was insane, whether his release would create a substantial risk of bodily injury to another person or serious damage to property of another person.

Fourteen (14) days from the date the examination report is received by the Court and the parties, any party who requests a hearing regarding any issues in the report or opposes the report must file a motion for hearing or a motion in opposition, including a concise statement of opposition to the report and supporting authorities. If no motions are filed within fourteen (14) days, the Court will enter an Order adopting or rejecting the conclusions set forth in the report, and the period of excludable delay will end.[2]

IT IS THEREFORE ORDERED that the delay occasioned by the examination ordered herein shall be excludable under the provisions of the Speedy Trial Act as provided by 18 U.S.C. § 3161(h)(1)(A) and (H) and (h)(7)(A). Subsection (H) excludes the delay resulting from transportation to and from places of examination "except that any time consumed in excess of ten days from the date [of] . . . an order or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."

IT IS SO ORDERED this 5th day of February, 2015.

                                          _____
                                          J. LEON HOLMES
                                          UNITED STATES DISTRICT JUDGE

---

[2] 18 U.S.C. § 3161(h)(1)(A).